**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

**COURT FILE NO: _____**

| | |
|---|---|
| Douglas M. Schleinz, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>Defendant. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COME NOW** Plaintiff Douglas M. Schleinz, on behalf of himself and all others similarly situated, for his cause of action against Defendant CENLAR FSB herein states and alleges as follows:

## I. INTRODUCTION

1. Plaintiff Douglas M. Schleinz's (hereinafter "Plaintiff") action arises under the Truth-In-Lending Act, codified as 15 U.S.C. §§ 1601 et seq. and its implementing rules under Regulation Z. 12 C.F.R. ("Reg. Z") §§ 1026 et seq. for Defendant CENLAR FSB's (hereinafter "Defendant") failure to provide required periodic statements that meaningfully and accurately disclose the required disclosures under Reg. Z., which include the amount due, explanation of amount due, past payment breakdown, transaction activity, partial payments, contact information, account information, and delinquency information, in a conspicuous and prominent manner.

2. On May 20, 2005, Plaintiff obtained a conventional loan from Northwest Community Bank. In October of 2019, the servicing of that loan transferred to Defendant.

3. Defendant's sent regular monthly mortgage loan statements that provided inconsistent, incorrect, and confusing, information that did not meaningfully or accurately explain or disclose the amount due, past payment breakdown, and transaction activity related to the Mortgage Loan.

4. Because Defendant failed to provide required periodic statements that meaningfully and accurately disclosed the amount due, past payment breakdown, and transaction activity related to the Mortgage Loan during each billing cycle, Plaintiff seeks to enforce his rights under TILA and recover actual and statutory damages and reasonable attorney fees and costs pursuant to the Truth-In-Lending Act, 15 U.S.C. §§ 1601 et seq. and its implementing rules under Regulation Z. Reg. Z, 12 C.F.R. §§ 1026 et seq. from Defendant.

## II. JURISDICTION

5. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), 28 U.S.C. § 1331, and further pursuant to 28 U.S.C. § 1367 for pendant state law claims.

6. This action arises out of Defendant's violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

8. Plaintiff is a single individual residing in Minneapolis, Hennepin County, Minnesota.

9. Plaintiff's home is located at 2301 26th Ave S., Minneapolis, Minnesota 55406, and is legally described as follows:

Lot 12, Block 9, Fair Ground Addition to Minneapolis, Hennepin County, MN.

(the "Home" or "Property"), which is Plaintiff's "dwelling" as defined by 15 U.S.C. § 1602(w).

10. Plaintiff is a consumer as defined by 15 U.S.C. § 1602(i), as he is a natural person who was offered or extended credit for personal, family, or household purposes.

11. Defendant is a Federal Savings Bank, with a registered address of 425 Phillips Blvd, Ewing, NJ, 08618.

12. Defendant services Plaintiff's Mortgage Loan, and, therefore, is a "servicer," as defined by 15 U.S.C. § 1602(dd)(7) and U.S.C. § 2605(i)(2), who is responsible for servicing the loan (including the person who makes or holds a loan if such person also services the loan). "Servicing," as defined by 12 U.S.C. § 2605(i)(3), means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan.

## IV. FACTS

13. On May 20, 2005, Plaintiff obtained a conventional second mortgage loan from Northwest Community Bank in the amount of $30,000.00 ("Loan"). To secure the payment obligation under the loan, Plaintiff granted a mortgage in his Home

("Mortgage"). The Loan and the Mortgage are referred to collectively as ("Mortgage Loan").

14. The Mortgage Loan has a maturity date of May 20, 2020. At that time a balloon payment of $23,559.29 would be due and owing.

15. In October 2019, Defendant took over as the servicer of the Mortgage Loan.

16. Pursuant to its responsibilities as the Mortgage Loan servicer, Defendant sent monthly statements to Plaintiff beginning in October 2019 and until the Mortgage Loan's maturity date.

17. All of the statements that Defendant sent since it took over as the Mortgage Loan servicer provided inconsistent, incorrect, and confusing information that did not meaningfully and accurately disclose an explanation of the amount due, past payment breakdown, and transaction activity.

18. First, Defendant labeled every statement sent to Plaintiff a "Home Equity Billing Statement."

19. This is an inaccurate label for the statements, for the loan was a closed-ended conventional loan, not an open-ended home equity loan.

20. Moreover, each individual statement was itself inconsistent and inconsistent from each other. They did not reconcile with one another.

21. To exemplify one inconsistency, the November 2019 statement, in the "Explanation of Amount Due" box, represents that $228.07 was due, which comprised of $195.99 in principal and $32.08 in "interest":

```
Explanation of Amount Due
If you are experiencing financial difficulty, you may call the US Department of Housing and Urban
Development (HUD) at 800-569-4287 or go to www.hud.gov/offices/hsg sfh/hcc hsc.com for a list of
homeowner counselor or counseling organizations in your area.

Principal:                                          $195.99
Interest:                                            $32.08
Escrow:                                               $0.00
Optional Insurance:                                   $0.00
Total Fees Charged Since Last Statement               $0.00
Current Payment Amount Due on 12/20/19              $228.07
Past Due Amount                                       $0.00
Total Amount Due:                                   $228.07
```

22. However, the November 2019 statement, in the "How We Arrived at Your Balance" box, indicates that Defendant calculated the statement balance by adding $166.15 of "finance charges" to the previous balance:

| Previous Balance | (+)Advances & Charges | (-) Payments & Credits | (+) FINANCE CHARGES | (+)(-) Credit/debit Adjustments | New Balance This is Not a Payoff Amount |
|---|---|---|---|---|---|
| $23,412.28 | $0.00 | $228.07 | $166.15 | $0.00 | $23,350.36 |

23. There is no indication of the relationship between interest and finance charges.

24. There is no explanation of why the "Explanation of Amount Due" box reflects that the current amount due is partially comprised of $32.08 of interest, while the "How We Arrived at Your Balance" box reflects a $166.15 amount of finance charges added to the account balance.

5

25. Moreover, the area of detail for "Finance Charges" box indicates that the following are the finance charges for the account for the November 2019 statement.

| Finance Charges | | | | |
|---|---|---|---|---|
| Days | Balance | Periodic Rate | Annual Percentage Rate | Periodic Finance Charges* |
| 25 | $23,385.47 | 0.0229315 | 8.37000 | $134.07 |
| 06 | $23,318.28 | 0.0229315 | 8.37000 | $32.08 |

26. The finance charge that purports to be calculated for a period of six days, as reflected in the second row of the "Periodic Finance Charges" box is equal to $32.08; this is the same amount as the "interest" amount reflected in the "Explanation of Amount Due" box.

27. The total finance charges resulting from adding both rows of the "Periodic Finance Charges" is equal to $164.15; this is the same amount as the "finance charge" amount in the "How We Arrived at Your Balance" box.

28. The "Finance Charges" box does nothing to clarify the inconsistencies between the disclosures labeled as "interest" and the disclosures labeled as "finance charge" as indicated in the other parts of the statement.

29. The result of this is that the statement is inconsistent, incorrect, confusing, and does not meaningfully and accurately explain or disclose the amount due and transaction activity of the account.

30. These monthly statement errors are replete throughout each monthly statement Plaintiff received.

31. When comparing the information on successive monthly statements, the next months' statements also provided inconsistent, incorrect, and confusing information and

also did not meaningfully and accurately explain or disclose the past-payment breakdown.

32.     For instance, the December 2019 statement, which is the next statement in succession from the November 2019 statement reference above, as indicated below in the "Activity Since Your Last Statement" box, represents that of the $228.07 that was received related to the prior statement, $67.66 was applied to Principal, and $160.41 was applied to Finance Charges:

| Tran Date | Effective Date | Description | Total | Principal | Finance Charges | Late Charges Other Fees | Escrow/ Other | Optional Insurance |
|---|---|---|---|---|---|---|---|---|
| 12/20/19 | 12/20/19 | PAYMENT APPLIED - THANK YOU | $0.00 | $67.66 | $160.41 | $0.00 | $0.00 | $0.00 |
| 12/20/19 | 12/20/19 | PAYMENT APPLIED - THANK YOU | $228.07 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Activity Since Your Last Statement (11/26/19 - 12/24/19)

33.     However, the prior months' statement (the October 2019 statement), as indicated in that statement's "Explanation of Amount Due" box, represented that the $228.07 monthly payment was comprised of $195.99 in principal and $32.08 in "interest charges."

34.      The amount of Finance Charges in the "Activity Since Your Last Statement" box is inconstant with the "interest charges" in the prior month's "Explanation of Amount Due" box.

35.     Moreover, the amount of "Finance Charges" in the "Activity Since Your Last Statement" box, which is $160.41, is also inconsistent with the prior month statements' "How We Arrived at Your Balance" box, indicating that the payment due contemplated $166.15 of "finance charges."

36.     The result of this is that the statement is inconsistent, incorrect, confusing, and does not meaningfully and accurately explain or disclose the past payment breakdown.

37. Around the time that Defendant took over the servicing of the Mortgage Loan, Plaintiff knew that he was going to have a balloon payment due soon.

38. To prepare for paying the balloon payment, Plaintiff reviewed his mortgage statements to try to predict how much the balloon payment was going to be.

39. Upon review of those statements, it appeared that that each month, less of his payment was being applied to principal, and more to interest, than what was indicated on the statement balances that he was paying.

40. Since October 2019, Plaintiff attempted called Defendant to try to understand why his payments were not being applied in a manner consistent with how the statements indicated his payments would be applied.

41. He also called to get a sense of what the payoff would be.

42. Between October 2019 and May 2020, Plaintiff called Defendant approximately a half-dozen times to address his questions about the transfer of servicing, the statement errors, and the anticipated payoff.

43. One question he wanted Defendant to answer is if the transfer of servicing to them changed the application of payments.

44. Each statement represented that a large portion of that month's payment would be applied to principal. However, the next month's statement reflected that a small amount of the payment was actually applied to principal.

45. Plaintiff was only able to get a recorded message, he was unable to get through to Defendant.

46. That recorded message stated that Defendant was experiencing long hold times.

47. Unable to get assistance from Defendant, Plaintiff was left with the impression that his statements were not accurate.

48. He also received a one-page letter purporting to be from Defendant instructing him to wire the balloon payment to an account in New Jersey.

49. With questions about his statement accuracy, and suspicions about the validity of the balloon payment wire instructions, Plaintiff retained an attorney to assist him to investigate the statement accuracy and how to safely and securely remit the balloon payment.

50. As part of the investigation, Plaintiff undertook paying for legal fees and costs for his attorney to investigate

51. Plaintiff paid off the Mortgage Loan on May 19, 2020. He paid $23,190.22, which was comprised of a principal amount of $22,986.16, interest of $152.86, and fees of $51.00.

52. Plaintiff brings the following claims against Defendant:

## **CLASS ACTION ALLEGATIONS**

53. Plaintiff brings this action individually and as a class action for Defendant's violation of Truth-In-Lending Act, codified as 15 U.S.C. §§ 1601 et seq. and its implementing rules under Regulation Z. 12 C.F.R. ("Reg. Z") §§ 1026 et seq., pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following:

> *All consumers that received from Defendant a loan disclosure statement containing an understated and/or inaccurate Interest Charges, Amount Financed,*

*and/or Finance Charge from 1 year prior to date this complaint was filed and have not signed an arbitration agreement or class action waiver.*

54. Excluded from Class are Defendant, Defendant's parent, subsidiaries and affiliates, their directors, officers and members of their immediate families; also excluded are any federal, state or local government entities, any judicial officers presiding over this action and the members of their immediate family and judicial staff, and any juror assigned to this action.

55. Plaintiff reserves the right to modify the Class description and Class period based on the results of discovery.

56. Plaintiff and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 23(b)(1), (2), (3)).

### **Numerosity:**

57. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff upon information and belief that the Class numbers in the hundreds.

### **Commonality:**

58. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

a. Whether Defendant failed to provide clear and conspicuous disclosure of the APR and Finance Charge contained in the monthly statements utilized by Defendant.

b. Whether Defendant understated and misrepresented the Interest Charges, Amount Financed, Finance Charges, and Total Owed in the monthly statements utilized by Defendant.

c. Whether Defendant's conduct in misrepresenting and concealing the true financing amounts was uniform to the class such that equitable tolling is available to all TILA Class members.

d. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

### Typicality:

59. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

60. Any defenses that Defendant may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

### Adequacy:

61. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this cause.

### Superiority:

62. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

63. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

64. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

### Injury:

65. Plaintiff and the members of the putative Class have suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## V. LEGAL CLAIMS

### COUNT I
### TRUTH-IN-LENDING VIOLATIONS
### 15 U.S.C. § 1601 et seq.

66. Plaintiff incorporates the above paragraphs by reference.

67. When entering into a closed-ended consumer credit transaction, the Truth-In-Lending Act requires that servicers provide consumers with ongoing periodic statements that set forth eight separate categories of information in a conspicuous and prominent manner. 15. U.S.C. § 1638(f); Reg. Z, 12 C.F.R. § 1026(a)(2).

68. The required disclosures must include the following:

   a. Amount due. Reg. Z, 12 C.F.R. § 1026(d)(1).

   b. Explanation of amount due. Reg. Z, 12 C.F.R. § 1026(d)(2).

   c. Past payment breakdown. Reg. Z, 12 C.F.R. § 1026(d)(3).

   d. Transaction activity. Reg. Z, 12 C.F.R. § 1026(d)(4).

   e. Partial payments. Reg. Z, 12 C.F.R. § 1026(d)(5).

   f. Contact information. Reg. Z, 12 C.F.R. § 1026(d)(6).

   g. Account information. Reg. Z, 12 C.F.R. § 1026(d)(7).

   h. Delinquency information. Reg. Z, 12 C.F.R. § 1026(d)(8).

69. Plaintiff's Mortgage Loan Payment had a regular monthly payment. Therefore, Defendant was required to send periodic statements to Plaintiff on at least a monthly basis. Reg. Z, 12 C.F.R. § 1026(b).

70. The monthly statements that Defendant sent to Plaintiff provided inconsistent, incorrect, and confusing information that did not meaningfully and accurately disclose an

explanation of the amount due, past payment breakdown, and transaction activity.

71. In each statement sent to Plaintiff, the stated interest charge was inconsistent with the stated finance charge.

72. In each statement, the "Explanation of Amount Due" box reflects an amount due that is partially comprised of an "interest" amount. In the same statement, the "How We Arrived at Your Balance" box reflects a current balance that is partially comprised of a "finance charge" amount that is more than five times the "interest" amount, which is added to the account balance

73. Those statement do not explain how the interest charge and finance charge relate.

74. Additionally, in each statement, the "Finance Charges" box contains two rows of information. In each statement, one row equals the same statement's "interest" amount, while the total of both of the same statement's rows equals the "finance charge" amount.

75. Moreover, when comparing to consecutive months' statements, the current month's Activity Since Your Last Statement" box represents that the past payment reflected a total payment partially comprised of a certain "finance charge"; however, the prior month's "Explanation of Amount Due" box represents that an "interest charge" to be paid was an amount equal to about a fifth of what is reflected in the current statement's "finance charge" amount that was actually paid.

76. Also, when comparing to consecutive months' statements, the amount of Finance Charges in any statement's "Activity Since Your Last Statement" box is inconstant with the "interest charges" in the prior month statement's "Explanation of Amount Due" box.

77. As a result of Defendant's sending of monthly mortgage loan statements that

14

provided inconsistent, incorrect, confusing, information that did not meaningfully and accurately explain or disclose the amount due, past payment breakdown, and transaction activity related to the Mortgage Loan, Defendant has violated TILA, 15. U.S.C. § 1638(f).

78. Plaintiff has suffered damages and injury, and Defendant is liable for an amount equal to actual damages (15 U.S.C. § 1640(a)(1)), statutory damages in the amount of twice the amount of the finance charge in connection with the transaction (15 U.S.C. § 1640(a)(2)(A)(i)) or not less than $400 or more than $4,000 (15 U.S.C. § 1640(a)(2)(A)), and reasonable attorney fees and costs of this action (15 U.S.C. § 1640(a)(3)).

## VI. TRIAL BY JURY

79. Plaintiff requests a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed. R. Civ. P. 38.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully asks this Court to award judgment as follows:

80. As a result of Defendant's violations of the Truth-In-Lending Act and Regulation Z, it is liable to the Plaintiff for an amount equal to actual damages (15 U.S.C. § 1640(a)(1)), statutory damages in the amount of twice the amount of the finance charge in connection with the transaction (15 U.S.C. § 1640(a)(2)(A)(i)) or not less than $400 or more than $4,000 (15 U.S.C. § 1640(a)(2)(A)), and reasonable

81. For such other and further relief as to the Court appears just and equitable, including an order awarding the Plaintiff his costs, disbursements, and attorney fees incurred herein.

Dated: September 3, 2020       By: /s/ Carl E. Christensen
Carl E. Christensen, Esq.
Attorney I.D. No. 0350412
**CHRISTENSEN LAW OFFICE PLLC**
800 Washington Avenue North, Suite 704
Minneapolis, MN 55401
Telephone: (612) 823-4016
Facsimile: (612) 823-4777
carl@clawoffice.com

Thomas J. Lyons Jr., Esq.
Attorney I.D. No. 0249646
**CONSUMER JUSTICE CENTER P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  651-770-9707
Facsimile:  651-704-0907
tommy@consumerjusticecenter.com

*Attorneys for Plaintiff and the putative class*